UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US RIGHT TO KNOW )<br>4096 Piedmont Avenue, # 963 )<br>Oakland, CA 94611-5221 )<br>)<br>      Plaintiff, )<br>v. )<br>)<br>DEFENSE INTELLIGENCE AGENCY )<br>7400 Pentagon )<br>Washington, DC 20301 )<br>)<br>      Defendant. ) | Civil Case No. 1:24-cv-982 |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff US RIGHT TO KNOW ("USRTK") for its complaint against Defendant DEFENSE INTELLIGENCE AGENCY ("DIA") alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records and/or a lawful response on the part of the Defendant to a January 17, 2024 request for certain described agency records, to which the Defendant has not lawfully responded.

2) These records are central to a matter of timely, current political and legal deliberations, of great public interest and policy and legal significance. Specifically, the records relate to the origins of the COVID-19 pandemic.

3) A true and correct copy of the FOIA request at issue is attached hereto as Exhibit A.

4) A true and correct copy of the Defendant's response to the FOIA request at issue is attached hereto as Exhibit B.

RECEIVED
APR 5 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

5) Plaintiff requested fee waiver on multiple bases, but Defendant has unlawfully failed to grant it.

6) Defendant's failure to timely provide Plaintiff with the requisite records or to timely make a determination relating to the Plaintiff's request within the 20-day time limit established under, *inter alia*, 5 U.S.C.S. § 552(a)(6)(A)(i), violates FOIA. This violation is made plain in binding precedent from the D.C. Circuit Court of Appeals in *Citizens for Responsibility and Ethics in Washington* (*CREW*) *v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013). That case, in turn, explains that a FOIA "determination" requires more than a mere letter acknowledging the existence of a request and that the failure to timely make a "determination" renders a case ripe for judicial review.

7) Defendant's failure to respond in any meaningful way, whatsoever, to Plaintiff's request, despite the passage of nearly three months, has constructively exhausted all of Plaintiff's administrative remedies, leaving Plaintiff no choice but to file this lawsuit to compel the DIA to comply with the law regarding release of agency records and the making of a determination.

8) In this context, Plaintiff asks this Court to compel Defendant to search for and release records responsive to its FOIA request, and to provide an index of any claimed exempt material for purposes of further judicial review.

## PARTIES

9) Plaintiff USRTK is a nonprofit investigative research group focusing on promoting transparency for public health. It works globally to expose corporate wrongdoing and government failures and/or malfeasance that threaten public health, the environment or the food system. Since 2015, it has obtained, posted online, and shared with the media, thousands of industry and government documents, including many obtained through judicial enforcement of open records laws. Tens of thousands of pages of documents

obtained by USRTK are now available for free public access.

10) Defendant DIA is a federal "agency" within the meaning of the Freedom of Information Act and is a constituent component of the Department of Defense. The DIA's headquarters is located in the District of Columbia at Joint Base Anacostia-Bolling.

## JURISDICTION AND VENUE

11) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

12) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because Defendant is headquartered in the District of Columbia at Joint Base Anacostia-Bolling.

## STATUTORY BACKGROUND

13) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

14) 5 U.S.C.S. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of

the requester's response to the agency's request for information or clarification ends the tolling period. Neither apply here because DIA did not seek additional information from Plaintiff regarding the request at issue in this suit.

15) Defendant owed USRTK a "determination" with respect to its request, as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), by approximately February 7, 2024 (or at the latest approximately February 17, 2024, if Defendant had demonstrated "unusual circumstances" that truly prevented an earlier response). To date, however, DIA has provided no substantive response or "determination" with respect to the request at issue.

16) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011), this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59.

17) To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (*emphasis* added).

18) Defendant is now past its statutory period for issuing a lawful determination with respect to the above-described request. Further, that time has elapsed without the Defendant having provided any substantive response to Plaintiff's request. Among the consequences of Defendant's violation(s) of the statutory time limits of FOIA is that Defendant cannot now seek fees.

19) Defendant is improperly failing to search for records, failing to produce records, failing to issue a determination, and failing to grant a fee waiver to the Plaintiff.

20) DIA is constructively or actually denying Plaintiff access to agency records and a lawful determination with respect to such records in violation of FOIA.

4

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

21) Plaintiff re-alleges paragraphs 1-20 as if fully set out herein.

22) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

23) Plaintiff has a statutory right to the information it seeks and that Defendant has unlawfully withheld.

24) Plaintiff is not required to further pursue administrative remedies, or alternatively has constructively exhausted such remedies.

25) Plaintiff asks this Court to enter a judgment declaring that:

   a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant failed to provide them; and that

   b. Defendant's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy Defendant's obligations under FOIA; and that

   c. Defendant must now produce records responsive to Plaintiff's request and must do so at no cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

26) Plaintiff re-alleges paragraphs 1-25 as if fully set out herein.

27) Plaintiff is entitled to injunctive relief compelling Defendant to search for and produce the records responsive to the FOIA request described in this pleading.

28) Plaintiff asks the Court to enter an injunction ordering Defendant to search for and produce to Plaintiff, within 10 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto.

29) Plaintiff asks the Court to order the parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

30) Plaintiff re-allege paragraphs 1-29 as if fully set out herein.

31) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

32) This Court should enter an injunction or other appropriate judgment or order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 5th day of April, 2024,

> US RIGHT TO KNOW
> By Counsel:
> /s/ Nathaniel M. Lindzen
> Nathaniel M. Lindzen, MA Bar No. 689999 [1]
> Law Office of Nathaniel M. Lindzen
> 57 School Street
> Wayland, MA 01778
> Phone: (212) 810-7627
> Email: nlindzen@corpfraudlaw.com

---

[1] D.C. Federal Bar ID No. MA0053