UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| US RIGHT TO KNOW,<br><br>        Plaintiff,<br><br>    v.<br><br>DEFENSE INTELLIGENCE AGENCY,<br><br>        Defendant. | Civil Action No. 24-0982 (TNM) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order of July 18, 2025, Plaintiff US Right to Know ("USRTK") and Defendant Defense Intelligence Agency ("Defendant" or "the Agency") (collectively the "Parties"), through counsel, provide this Joint Status Report ("JSR").

### Plaintiff's Position

1. This Freedom of Information Act ("FOIA") action began on April 5, 2024. ECF No. 1. Plaintiff seeks records that may shed light on the origins of COVID-19. Plaintiff is a member of the independent news media specializing in public health issues.[1,2]

2. Upon order of this Court, Parties met and conferred extensively in May of this year to resolve a production and/or processing bottleneck that Defendant initially asserted stemmed from the allegedly "voluminous" nature of Plaintiff's request. ECF at No. 16.

---

[1] *See* ECF at No. 1. *See also* https://usrtk.org/about-u-s-right-to-know/.

[2] "As the Supreme Court has made clear, public awareness of the government's actions is a structural necessity in a real democracy." *Elec. Priv. Info. Ctr. v. Dep't of Just.*, 416 F. Supp. 2d 30, 40 (D.D.C. 2006) (internal quotations omitted).

3. During conferences, Plaintiff narrowed its request and further agreed that, subject to Court approval, Plaintiff would accept a two month pause in production such that Defendant could complete its initial responsiveness review while being unencumbered by its heretofore simultaneous production obligations. Defendant also agreed, if possible, to provide a categorical index of responsive records. At the hearing on May 9, 2025, this Court endorsed the agreement.

4. Defendant has since disclosed that only 4,187 pages of records were identified rather than the "voluminous" approximately 40,000 pages previously asserted. ECF at No. 16.

5. As noted in the JSR dated September 12, 2025, (ECF at No. 19) Defendant is way out of compliance with this Court's Minute Order dated July 18, 2025. Specifically, Plaintiff never received a categorical index of responsive records and Defendant did not resume production after the agreed upon pause expired let alone at the rate ordered by this Court.[3]

6. Defendants have processed just 2127 pages of records since this action began nearly two years ago and just 582 pages since the agreement on May 9, 2025. 2351 pages remain unprocessed. In a procedurally similar context courts have appropriately ordered make-up production where delays are not rooted in the "exceptional circumstances" described in FOIA.[4]

7. To put this in context, Defendant's processing rate averages out to approximately 106 pages per month. Had Defendant processed Plaintiff's request from the start at even a modest rate of 300 pages per month production would have been completed by July 5, 2025.

---

[3] In its Minute Order dated July 18, 2025, this Court ordered Defendant to process at least 500 pages of records per month. This rate was reasonable. *See Martinez v. Dep't of Just.*, No. CV 16-1506 (TJK), 2023 WL 9781681, at *1 (D.D.C. Sept. 27, 2023), *appeal dismissed sub nom. Martinez v. United States Dep't of Just.*, No. 23-5270, 2024 WL 3076758 (D.C. Cir. June 17, 2024) (collecting and compiling cases showing that a greater production rate of 500 pages per month is reasonable and average).

[4] *Eakin v. United States Dep't of Def.,* No. SA-16-CV-972-RCL, 2020 WL 14019140, at *8 (W.D. Tex. Dec. 3, 2020) (in a FOIA matter where the government had similarly first overestimated the number of responsive records and then fallen behind in its production, the court held that extensions to production under FOIA must be grounded in its "exceptional circumstances" clause and thus required the government to make up for production deficiencies).

8. Defendant complains about the furlough's impact on its processing below. However, as Plaintiff pointed out before (ECF at No. 19), Defendant's noncompliance with this Court's production orders began, well before the government shutdown and ironically accelerated after Plaintiff's concessions in May of this year. Furthermore, while referrals are acceptable under FOIA they must both be part of a reasonable process and not substantially delay the production of records.[5] Here at least the delays are now unreasonable.[6]

9. Separate from Defendant's non-compliance with this Court's production orders, Defendant's extensive withholdings (*see e.g.,* ¶12 *infra*) raise questions as to how seriously it has taken its obligation to "take reasonable steps necessary to segregate and release non-exempt information." *Kwoka v. Internal Revenue Serv.*, 989 F.3d 1058, 1066 (D.C. Cir. 2021).

10. Plaintiff has unsuccessfully conferred several times with Defendant in attempts to bring production back into compliance with this Court's Orders and therefore now respectfully requests that this Court order Defendant mitigate its past non-compliance with this Court's Orders by completing its processing of Plaintiff's request by or before February 22, 2026.

### Defendant's Position

11. The Agency has provided Plaintiff with two interim productions since the last status report, as described below.

---

[5] *Peralta v. U.S. Attorney's Off.*, 136 F.3d 169, 175 (D.C. Cir. 1998) ("In other words, did this referral procedure result in the improper 'withholding' of the FBI Documents? *See* 5 U.S.C. § 552(a)(4)(B). To determine if it did, a reviewing court must ask if the 'net effect of the referral procedure is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them.' *McGehee,* 697 F.2d at 1110. Such a 'withholding' will be considered 'improper' unless the agency can offer a reasonable explanation for its procedure.") (citing to *McGehee v. C.I.A.*, 697 F.2d 1095, 1110 (D.C. Cir.), *on reh'g sub nom. McGehee v. Cent. Intel. Agency*, 711 F.2d 1076 (D.C. Cir. 1983)).

[6] *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("[S]tale information is of little value yet more costly than fresh information ought to be.").

12. On October 1, 2025, the Agency produced 47 records (540 pages) and informed Plaintiff that 7 documents (120 pages) were withheld in part; 25 documents (366 pages) were withheld in full; and 15 documents (54 pages) were sent to another government agency for review and direct response to Plaintiff, as the records did not originate with DIA.

13. The federal government was shut down due to a lapse in appropriations from October 1, 2025 through November 12, 2025. During this 43-day shutdown period, this case's FOIA officer, as well as the FOIA officers at other government agencies with whom this case's FOIA officer must interact to complete consultations and referrals on records, was not permitted to work. Upon passage of the Continuing Resolution, which funded the government and enabled it to re-open, this case's FOIA officer returned to the office on November 13, 2025, and resumed processing documents for this case.

14. On December 3, 2025, the Agency produced 14 records (42 pages) and informed Plaintiff that 11 documents (37 pages) were withheld in part; 2 documents (4 pages) were withheld in full; and 1 document (1 page) was released in full.

15. The Agency is currently continuing to process the relevant responsive records and to identify and remove any records that the parties had previously mutually agreed to exclude but that were not so identified in its initial responsiveness review and expects to provide Plaintiff with the next interim production of those responsive records by December 31, 2025. The Agency estimates that it has 366 remaining documents (2,351 pages) to process out of the estimated 519 responsive documents (4,187 pages).

16. To accomplish the document processing at issue here, the Agency must (a) task out relevant records for subject matter expert review and response internally to the directorates/offices which have responsibility for that information; (b) apply subject matter expert responses received

4

to the Agency-only originated records; (c) apply Agency subject matter expert responses to the agency's information within other government agency records, and then send out those other government agency records with Agency subject matter expert exemptions on Agency information applied to the owning other government agency for direct referral; (d) apply Agency subject matter expert responses to Agency information within Agency-originated records, and then send out those Agency-originated records to other government agencies that own certain information within those records for consultation.

17.     The Agency is in the process of contacting the twenty other agencies identified to send them documents for consultation or referral.  Specifically, the Agency is sending records to obtain release recommendations for the information originating from them that is embedded in the Agency's documents.  For those records that did not originate with the Agency, it is sending records that include its release recommendations for its own information contained within, for the outside agencies' release determinations and then direct response of the records to Plaintiff.  Because of the extensive coordination required, it is difficult for Defendant to establish a date certain for completion.

*     *     *

18.     Defendant is continuing to process and produce documents diligently and respectfully requests that the Court order the parties to file an updated joint status report apprising the Court of the progress of Defendant's processing within 60 days, consistent with the Court's Minute Order of July 18, 2025.


Dated: December 20, 2025                                  Respectfully submitted,

*/s/ Nathaniel M. Lindzen*                                JEANINE FERRIS PIRRO
Nathaniel M. Lindzen                                      United States Attorney
MA Bar No. 689999[7]
Law Office of Nathaniel M. Lindzen
57 School Street                                   By:    */s/ Allison I. Brown*
Wayland, MA 01778                                         ALLISON I. BROWN
Phone: (212) 810-7627                                     Assistant United States Attorney
Email: nlindzen@corpfraudlaw.com                          U.S. Attorney's Office, Civil Division
                                                          601 D St., N.W.
*Counsel for Plaintiff*                                   Washington, D.C. 20530
                                                          (202) 252-7822
                                                          allison.brown2@usdoj.gov

                                                          *Attorneys for the United States of America*

---

[7] D.C. Federal Bar ID No. MA0053